# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERNE Y. YOUNT, )<br>Guardian of J.L.L. and C.W.L. )<br>(Deceased's minor children) on behalf of )<br>SHARON LEE ANN )<br>JACKSON, deceased, )<br>   ) <br>   Plaintiff,  ) <br>   ) <br>   ) <br>v.  ) <br>   ) <br>CAROLYN W. COLVIN,  ) <br>Acting Commissioner of the Social  ) <br>Security Administration,[1]  ) <br>   ) <br>   Defendant.  ) | Case No. CIV-12-26-SPS |

## OPINION AND ORDER

The claimant Laverne Y. Yount requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 12, 1963 and was forty-six years old at the time of the administrative hearing. She has a high school education and past relevant work as a stocker, fast food worker, waitress, receptionist, window assembler, packer, and childcare worker (Tr. 21). The claimant alleges that she has been unable to work since August 1, 2008, because of a broken leg (Tr. 145).

## Procedural History

The claimant applied on August 12, 2008 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Osly F. Deramus determined that the claimant was not disabled in a written opinion dated August 24, 2010 (Tr. 11-22). The Appeals Council denied review of this opinion, so the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.1481; 416.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant has the ability to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b), but that claimant could only occasionally stoop, crouch, crawl, kneel, balance, and climb stairs (Tr. 15). The ALJ further found that the claimant could never climb ladders. Due to mental impairments, the ALJ limited the claimant to simple tasks with routine supervision, and held that the claimant could relate to supervisors and peers on a superficial basis and could not relate to the general public (Tr. 15). While the ALJ found that the claimant was not capable of performing her past relevant work, the ALJ found that there was other work in the national economy that claimant is capable of performing, *i. e.*, touch up screener (Tr. 22).

**Review**

The claimant contends that the ALJ erred: i) by failing to properly analyze the opinion of state reviewing physician Dr. Dorothy Millican-Wynn, Ph.D., which in turn, caused an error at step five with respect to the vocational expert's testimony. The Court agrees with the claimant's argument.

State reviewing physician Dr. Dorothy Millican-Wynn, Ph.D. completed a Psychiatric Review Technique on July 9, 2009 (Tr. 330-46). Dr. Millican-Wynn found that claimant's mental impairments consisted of affective disorder (characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome) and anxiety (Tr. 333, 335). As a result, Dr. Millican-Wynn found that claimant was moderately impaired in the functional categories of activities of daily living, maintaining

social functioning, and maintaining concentration, persistence, or pace (Tr. 340).  Dr. Millican-Wynn also completed a Mental Residual Functional Capacity Assessment and found that claimant was markedly limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public (Tr. 344-45).  In her written comments, Dr. Millican-Wynn wrote that claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation (Tr. 346).

The claimant first argues that the ALJ failed to properly analyze the opinion of state reviewing physician Dr. Millican-Wynn.  More specifically, the claimant argues that the ALJ failed to acknowledge Dr. Millican-Wynn's findings that the claimant was markedly limited in the ability to understand and remember detailed instructions and the ability to carry out detailed instructions in his RFC findings.  Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists."  1996 WL 374180, at *4.  These opinions are to be treated as medical opinions from non-examining sources.  *Id*. at *2.  Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision.  *Id.  See also Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii).  Here, the ALJ seems to have adopted Dr. Millican-Wynn's

-5-

written findings (as his mental RFC matches Dr. Millican-Wynn's written comments), but failed to discuss why he refrained from specifically including the limitations related to her ability to understand, remember, and carry out detailed instructions.  *See*, *e.g.*, *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].   Additionally, the ALJ wholly failed to discuss the weight he was assigning to Dr. Millican-Wynn's opinion.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."), *citing* 20 C.F.R. § 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

It could be argued that the ALJ's finding that the claimant is limited to simple tasks with routine supervision *does* incorporate Dr. Millican-Wynn's finding that the claimant was markedly limited in those areas related to detailed instructions.  Even if the Court agreed with that argument, there is still an issue with the job identified by the VE with respect to the reasoning level associated with the job of touch up screener, DICOT § 726.684-110, which was the only job identified by the VE at the administrative hearing. That occupation has a GED reasoning level of 2, which requires a worker to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions."  DICOT § 726.684-110 [emphasis added].  The GED reasoning levels best

identify the level of simplicity (or, conversely, complexity) associated with the job. *See*, *Cooper v. Barnhart*, 2004 WL 2381515, at *4 (N.D. Okla. 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted].  If a claimant is limited to simple tasks, it stands to reason that a job requiring the ability understand and carry out detailed but uninvolved written or oral instructions would create a conflict.  *See*, *McKinnon v. Astrue*, 2010 WL 3190621, at *5 (D. Colo. Aug. 12, 2010); *Allen v. Barnhart*, 2003 WL 22159050, at *10 (N.D. Cal. Aug. 28, 2003) (examining the requirements of the GED reasoning level of 2 and finding that "[t]he need to follow 'detailed' and 'involved' instructions exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.'  Such instructions are not simple and uncomplicated, or limited to one or two steps.").  "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). *See also Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations).

Although the unresolved conflict as to the claimant's mental limitations would have been harmless error if other jobs had been identified that did not pose a conflict, they are not harmless here because there are no other jobs identified.  *See Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion].

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record.  If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that the decision of the Commissioner is REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 29th day of March, 2013.

*/s/ Steven P. Shreder*
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma